UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

TRUSTEES OF THE INTERNATIONAL
ASSOCIATION OF HEAT & FROST
INSULATORS AND ASBESTOS WORKERS
LOCAL UNION NO. 12 EMPLOYEE BENEFIT
FUNDS,

Civil Action No. 13-CV-3297
(ERK) (MDG)

**THIRD-PARTY
COMPLAINT**

Plaintiffs,

-against-

MECHANICAL INSULATION, INC., and
GREAT AMERICAN INSURANCE COMPANY,

Defendants.
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - X

GREAT AMERICAN INSURANCE COMPANY,

Third-Party Plaintiff,

-against-

MARK PERAICA,

Third-Party Defendant.
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - X

Defendant and Third-Party Plaintiff Great American Insurance Company ("Great

American"), by and through its attorneys, Torre, Lentz, Gamell, Gary & Rittmaster, LLP,

for its third-party complaint against Third-Party Defendant Mark Peraica (sometimes

referred to as the "Individual Indemnitor") herein, alleges as follows:

The Parties

1.      Plaintiffs, Trustees of the International Association of Heat & Frost

Insulators and Asbestos Workers Local Union No. 12 Employee Benefit Funds, have

commenced this action against defendant Great American by filing of a complaint, a copy of which is attached as Exhibit "A."

2.      Third-Party Plaintiff, Great American, is an Ohio corporation duly authorized and licensed to issue insurance policies under the law of the State of New York and the Treiber Group, a general agent of Great American, has a place of business at 377 Oak Street, Suite 501, Garden City, New York 11530.

3.      A copy of Great American's Answer and Cross-Claims, filed July 10, 2013, is annexed hereto as Exhibit "B."

4.      Upon information and belief, Defendant Mechanical Insulation, Inc. ("Mechanical") was and still is a domestic business corporation duly organized and existing under and by virtue of the laws of the State of New York with its principal offices located at 38-23 54th Street, Woodside, NY 11377.

5.      Upon information and belief, Third-Party Defendant Mark Peraica resides at 12 Karin Court, East Northport, NY 11731.

<u>Jurisdiction and Venue</u>

6.      This Court has subject matter jurisdiction over the instant matter and the Third-Party Defendant, including but not limited to personal, ancillary and supplemental jurisdiction.

7.      This Court has jurisdiction over the original action between Plaintiffs and Defendants pursuant to 29 U.S.C. §1132(a)(3), (d)(1), (f) & (g), 29 U.S.C. §1345, 29 U.S.C. §185 and 28 U.S.C. §1367.

8.      Venue is proper in this District pursuant to 29 U.S.C. §1392(e)(2) and 28 U.S.C. §1391(b)(1) in that Defendant Mechanical resides in this District and all parties reside in the State of New York.

<u>AS AND FOR A FIRST CLAIM</u>

9.      Great American repeats and realleges each of the allegations contained in paragraphs 1 through 7 above as if fully set forth at length.

10.      Great American issued Bond No. 1699509 ("the Bond") dated December 7, 2011, on behalf of Mechanical, as principal, and in favor of the International Association of Heat and Front Insulators and Allied Workers Local #12 ("the Union") and/or the Trustees of the Asbestos Workers Welfare, Vacation, Pension, Annuity, AFEF Funds ("the Funds"), jointly and severally, as obligees, in the sum of $40,000.

11.      On or about December 1, 2011, in consideration of Great American's issuance of the Bond and as an inducement therefore, Third-Party Defendant Mark Peraica, both in his capacity as president of Mechanical and individually, executed a written Indemnity Agreement as part of a Commercial Surety Application for the issuance of the Bond.

12.      Under the terms of the Indemnity Agreement, Mechanical Insulation and the Individual Indemnitor agreed to indemnify Great American against "all loss, liability, costs, damages, attorney's fees and expenses whatever, which the Surety may sustain or incur by reason of executing the Bonds."

13.     By reason of the foregoing, in the event that Plaintiffs recover judgment against Great American, Great American will be entitled to judgment over against the Individual Indemnitor in like amount.

## AS AND FOR A SECOND CLAIM

14.     Great American repeats and realleges each of the allegations contained in paragraphs 1 through 12 above as if fully set forth at length.

15.     Great American has incurred and will continue to incur attorneys' fees, costs and expenses in defending against Plaintiffs' claim and in enforcing the indemnity obligations of the Individual Indemnitor.

16.     By reason of the foregoing, the Individual Indemnitor is liable to Great American for its attorneys' fees, costs and expenses incurred in defending this action and in enforcing the indemnity obligations of Mechanical and of the Individual Indemnitor.

WHEREFORE, Defendant and Third-Party Plaintiff Great American demands that the Court enter judgment against Third-Party Defendant Mark Peraica (1) on the first claim, for judgment over against Mark Peraica in the amount of any judgment rendered against Great American in this action, (2) on the second claim, for indemnity and reimbursement of all of Great American's attorneys' fees, costs, expenses and disbursements in the defense of this action and in the enforcement of its indemnity rights against defendant Mechanical and the third-party defendant, together with interest from the date of each expenditure by Great American, together with such other and further relief as this Court deems just and proper.

Dated: Jericho, New York
      July 23, 2013

TORRE, LENTZ, GAMELL, GARY &
   RITTMASTER, LLP


By: _/s/ Mark S. Gamell_____
        Mark S. Gamell
100 Jericho Quadrangle, Suite 309
Jericho, New York 11753
E-mail: mgamell@tlggr.com
Tel.: (516) 240-8900
Fax: (516) 240-8950
*Attorneys for Defendant*
*Great American Insurance Company*

# EXHIBIT A

AO 440 (Rev. 10/93) Summons in a Civil Action

# United States District Court

### *Eastern District of New York*

TRUSTEES OF THE INTERNATIONAL ASSOCIATION OF
HEAT & FROST INSULATORS AND ASBESTOS WORKERS
LOCAL UNION NO. 12 EMPLOYEE BENEFIT FUNDS,
                     **Plaintiffs,**

       v.

MECHANICAL INSULATION, INC. and
GREAT AMERICAN INSURANCE COMPANY,
                 **Defendants.**

### SUMMONS IN A CIVIL CASE

CASE NUMBER:

    CV-13-3297 (ERK)(MDG)

TO: (Name and address of defendant)

MECHANICAL INSULATION, INC.
38-23 54th Street
Woodside, New York 11377

GREAT AMERICAN INSURANCE COMPANY
377 Oak Street, Suite 501
Garden City, New York 11530

**YOU ARE HEREBY SUMMONED** and required to serve upon PLAINTIFF'S ATTORNEY (name and address)

Alicia M. Shotwell, Esq.

Colleran, O'Hara & Mills L.L.P.

1225 Franklin Avenue, Suite 450

Garden City, New York 11530

an answer to the complaint which is herewith served upon you, within  Twenty-One (21)  days after service of this summons upon you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint. You must also file your answer with the Clerk of this Court within a reasonable period of time after service.

Douglas C. Palmer
_____
CLERK

Marc V. Brown
_____
(BY) DEPUTY CLERK

July 09, 2013
_____
DATE



UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

--------------------------------------------------------------------X

TRUSTEES OF THE INTERNATIONAL     :
ASSOCIATION OF HEAT & FROST     :   Civil Action No.
INSULATORS AND ASBESTOS WORKERS     :
LOCAL UNION NO. 12 EMPLOYEE BENEFIT     :
FUNDS,     :   **COMPLAINT**
    :
                 Plaintiffs,     :
    :
           -against-     :
    :
MECHANICAL INSULATION, INC. and     :
GREAT AMERICAN INSURANCE COMPANY,     :
    :
                 Defendants.     :

--------------------------------------------------------------------X

Plaintiffs, TRUSTEES OF THE INTERNATIONAL ASSOCIATION OF HEAT &

FROST INSULATORS AND ASBESTOS WORKERS LOCAL UNION NO. 12 EMPLOYEE

BENEFIT FUNDS ("TRUSTEES" or "FUNDS"), by and through their attorneys, COLLERAN,

O'HARA & MILLS, L.L.P., as and for their Complaint against Defendants MECHANICAL

INSULATION, INC. ("MECHANICAL") and GREAT AMERICAN INSURANCE

COMPANY ("GREAT AMERICAN"), allege as follows:

## JURISDICTION AND VENUE

1.      The Court has jurisdiction over this action pursuant to 29 U.S.C. §1132(a)(3),

(d)(1), (f) & (g), 29 U.S.C. §1145, 29 U.S.C. §185 and 28 U.S.C. §1367.

2.      Venue is proper in this judicial district pursuant to 29 U.S.C. §1132(e)(2) and 28

U.S.C. §1391(a)(1) in that Defendant MECHANICAL resides in this district and all parties

reside in the State of New York.

1

### THE PARTIES AND THEIR LEGAL RELATIONSHIP

3.      At all times relevant herein, the FUNDS were and still are jointly-administered, multi-employer, Taft-Hartley employee benefit funds maintained pursuant to §302(c)(5) of the Labor Management Relations Act, 29 U.S.C. §186(c)(5) ("LMRA"). The FUNDS are administered and maintain their principal offices at 25-19 43rd Avenue, Long Island City, New York 11101.

4.      At all times relevant herein, the TRUSTEES are fiduciaries within the meaning of Sections 3(21), 502(a)(3), and 502(g) of the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. §§1002(21), 1132(a)(3) and 1132(g), and they bring this action on behalf of the FUNDS.

5.      At all relevant times herein, the FUNDS provide fringe benefits to employees performing services within the craft and territorial jurisdiction of Local Union No. 12 of the International Association of Heat & Frost Insulators and Allied Workers, AFL-CIO (hereinafter "Local 12").

6.      Upon information and belief, Defendant MECHANICAL was and still is a domestic business corporation duly organized and existing under and by virtue of the laws of the State of New York with its principal offices located at 38-23 54th Street, Woodside, New York 11377.

7.      MECHANICAL was, at all relevant times herein, an employer in an industry affecting commerce within the meaning of Section 301 of the LMRA, 29 U.S.C. §185, and Sections 3 and 515 of ERISA, 29 U.S.C. §§1002 and 1145.

8.      Upon information and belief, Defendant GREAT AMERICAN was and still is a foreign Ohio corporation duly authorized and licensed to issue insurance policies under the laws

2

of the State of New York and has a place of business at 377 Oak Street, Suite 501, Garden City, New York 11530.

## BACKGROUND

9.      As a member of the Insulation Contractors Association, MECHANICAL agreed to be bound by all the terms and conditions set forth in the Collective Bargaining Agreement between The Insulation Contractors Association of New York City, Inc. and the International Association of Heat and Frost Insulators and Allied Workers Local No. 12 of New York City ("C.B.A.").

10.      Pursuant to the terms of the C.B.A., MECHANICAL is required to remit fringe benefit contributions to the FUNDS for covered work performed by its employees in amounts set forth in the C.B.A.  In order to determine whether an Employer has made the contributions it is obligated to make pursuant to the C.B.A., Employers are required to make any and all records available to the FUNDS' auditors, Schultheis & Panettieri, LLP ("S&P"), for the purposes of a payroll audit examination.

11.      The C.B.A. also requires MECHANICAL to, *inter alia*, furnish adequate proof of financial responsibility by maintaining a proper Wage and Fringe Guarantee Bond on file with Local 12 in an amount determined by MECHANICAL's manpower average over the previous ninety (90) day period.

12.      On or about December 7, 2011, MECHANICAL, as Principal, and GREAT AMERICAN, as Surety for valuable consideration, executed and delivered to Local 12 a Wage and Fringe Guarantee Bond ("the Bond") in the penal sum of forty thousand dollars ($40,000). Under the terms of the Bond, which incorporates the C.B.A. by reference, MECHANICAL and GREAT AMERICAN jointly and severally bound themselves to Local 12 and the FUNDS for

the payment of wages and fringe benefit contributions, respectively, in the amount of forty thousand dollars ($40,000). The Bond was assigned number 1699509.

13.     MECHANICAL employed individuals covered by the terms of the C.B.A. during the period of October 3, 2011 through January 20, 2013 (hereinafter referred to as the "Relevant Period") and accordingly was required to remit fringe benefit contributions to the FUNDS for each hour of work performed by these individuals.

14.     On or about January 29, 2013, S&P conducted an audit of MECHANICAL's books and records for the Relevant Period in order to determine whether MECHANICAL remitted proper fringe benefit contributions to the FUNDS as a result of covered work performed by MECHANICAL's employees during the Relevant Period.

15.     On or about February 7, 2013, S&P issued an audit report finding that additional fringe benefit contributions in the amount of forty-nine thousand four hundred and fifty-four dollars and twenty-five cents ($49,454.25) were due and owing the FUNDS for covered work performed during the Relevant Period.

## NOTICE TO GREAT AMERICAN

16.     On or about December 10, 2012, GREAT AMERICAN provided Local 12 and the FUNDS with a "Notice of Cancellation or Nonrenewal" notifying Local 12 and the FUNDS that GREAT AMERICAN would no longer be liable under the terms of the Bond as of 11:59 P.M. Standard Time on February 8, 2013.

17.     Upon the issuance of S&P's February 7, 2013 audit report to the FUNDS/TRUSTEES, the FUNDS notified GREAT AMERICAN that MECHANICAL was delinquent in the payment of fringe benefit contributions for the Relevant Period and requested

4

that GREAT AMERICAN fulfill its obligations under the Bond and forward the full proceeds of the Bond to the FUNDS.

18.     After accountings were exchanged, GREAT AMERICAN advised counsel to Local 12 and the FUNDS on or about March 22, 2013 that the FUNDS failed to properly notify GREAT AMERICAN of MECHANICAL's failure to remit the proper fringe benefit contributions to the FUNDS during the Relevant Period; as a result, GREAT AMERICAN offered to pay the FUNDS thirteen thousand seven-hundred and ninety-two dollars and forty-three cents ($13,792.43) in settlement of their claim of forty-nine thousand four hundred and fifty-four dollars and twenty-five cents ($49,454.25).

## AS AND FOR A FIRST CLAIM OF RELIEF AGAINST MECHANICAL INSULATION, INC.

19.     Plaintiffs repeat and reallege each and every allegation contained in paragraphs "1" through "18" of this Complaint with the same force and effect as though same were more fully set forth herein.

20.     The C.B.A. provides that every signatory employer is required to remit fringe benefit contributions to the FUNDS on behalf of its employees that perform covered work under the terms of the C.B.A.

21.     Although duly demanded, MECHANICAL has breached the C.B.A. by failing, refusing or neglecting to remit fringe benefit contributions for covered work performed within the craft and territorial jurisdiction of Local 12 for the Relevant Period in the amount of forty nine thousand four hundred and fifty-four dollars and twenty-five cents ($49,454.25).

22.     As a direct and proximate result of MECHANICAL's failure to remit timely fringe benefit contributions to the FUNDS, the FUNDS are entitled, in addition to the delinquent contributions, to liquidated damages of twenty percent (20%) of the delinquent contributions,

5

interest at ten percent (10%) per annum and attorneys' fees of twenty-five percent (25%) of the delinquent contributions pursuant to the C.B.A.

## AS AND FOR A FIRST CAUSE OF ACTION AGAINST
## GREAT AMERICAN INSURANCE COMPANY

23.    Plaintiffs repeat and reallege each and every allegation contained in paragraphs "1" through "22" of this Complaint with the same force and effect as though same were more fully set forth herein.

24.    Pursuant to the terms of the Bond, GREAT AMERICAN is liable to the FUNDS for the entire amount of the fringe benefit delinquency reported in S&P's February 7, 2013 audit report.

25.    The FUNDS have fulfilled the condition precedent to GREAT AMERICAN's liability under the Bond but GREAT AMERICAN has failed and refused to remedy the delinquency in accordance with its obligations under the Bond.

26.    As a result of GREAT AMERICAN's breach of the Bond, the FUNDS have suffered unnecessary administrative costs and are entitled to recover from GREAT AMERICAN damages including, but not limited to, the amount of MECHANICAL's fringe benefit delinquency.

**WHEREFORE**, Plaintiffs TRUSTEES OF THE INTERNATIONAL ASSOCIATION OF HEAT & FROST INSULATORS AND ASBESTOS WORKERS LOCAL UNION NO. 12 EMPLOYEE BENEFIT FUNDS demand judgment in their favor and against MECHANICAL INSULATION, INC. and GREAT AMERICAN INSURANCE COMPANY for compensatory

6

damages in an amount to be proven at trial together with interest, liquidated damages, attorneys' fees, the costs of this proceeding and such other and further relief as this Court deems just and proper.

Dated: Garden City, New York
       June 7, 2013

COLLERAN, O'HARA & MILLS, L.L.P.
Attorney's for Plaintiffs

By: _____
    ALICIA M. SHOTWELL (AS-4159)
    1225 Franklin Avenue, Suite 450
    Garden City, New York 11530
    (516) 248-5757
    ams@cohmlaw.com

TO:    MECHANICAL INSULATION, INC.
       38-23 54th Street
       Woodside, New York 11377

       GREAT AMERICAN INSURANCE COMPANY
       377 Oak Street, Suite 501
       Garden City, New York 11530

# EXHIBIT B

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------------X

TRUSTEES OF THE INTERNATIONAL
ASSOCIATION OF HEAT & FROST
INSULATORS AND ASBESTOS WORKERS
LOCAL UNION NO. 12 EMPLOYEE BENEFIT
FUNDS,

    Civil Action No. 13-CV-3297
    (ERK) (MDG)

    **ANSWER AND**
    <u>**CROSS-CLAIMS**</u>

Plaintiffs,

-against-

MECHANICAL INSULATION, INC., and
GREAT AMERICAN INSURANCE COMPANY,

Defendants.
-----------------------------------------------------------------X

    Great American Insurance Company ("Great American"), by and through its

attorneys, Torre, Lentz, Gamell, Gary & Rittmaster, LLP, as and for its Answer And

Cross-Claims to the complaint of Plaintiffs Trustees of the International Association of

Heat & Frost Insulators and Asbestors Workers Local Union No. 12 Employee Benefit

Funds ("Funds") dated June 7, 2013 (the "Complaint"), alleges as follows:

    1.    Denies knowledge or information sufficient to form a belief as to the truth

of the allegations contained in paragraph 1 of the Complaint.

    2.    Denies knowledge or information sufficient to form a belief as to the truth

of the allegations contained in paragraph 2 of the Complaint.

    3.    Denies knowledge or information sufficient to form a belief as to the truth

of the allegations contained in paragraph 3 of the Complaint.

277123v1

1

4.      Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 4 of the Complaint.

5.      Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 5 of the Complaint.

6.      Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 6 of the Complaint.

7.      Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 7 of the Complaint.

8.      Denies the allegations contained in paragraph 8 of the Complaint, but admits that Great American is a foreign corporation duly authorized and licensed to issue insurance policies under the law of the State of New York and that the Treiber Group, a general agent of Great American, has a place of business at 377 Oak Street, Suite 501, Garden City, New York 11530.

9.      Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 9 of the Complaint.

10.      Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 10 of the Complaint.

11.      Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 11 of the Complaint.

12.      Denies the allegations contained in paragraph 12 of the Complaint, except admits and avers that Great American issued Bond No. 1699509 ("the Bond") dated December 7, 2011, on behalf of defendant Mechanical Insulation, Inc. ("Mechanical

277123v1

2

Insulation"), as principal, and in favor of the International Association of Heat and Front Insulators and Allied Workers Local #12 ("the Union") and/or the Trustee of the Asbestos Workers Welfare, Vacation, Pension, Annuity, AFEF Funds ("the Funds"), jointly and severally, as obligees, in the sum of $40,000, and begs leave from the Court to refer to the original of the Bond for all of its specific terms, provisions, conditions and limits of liability.

13.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 13 of the Complaint.

14.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 14 of the Complaint.

15.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 15 of the Complaint.

16.     Admits the allegations contained in paragraph 16 of the Complaint.

17.     Denies knowledge or information sufficient to form a belief as to the allegations contained in paragraph 17 of the Complaint, except admits and avers that counsel for the Union and the Funds sent a letter dated February 7, 2011 to Great American and Arthur J. Gallagher Risk Management Services regarding this matter, and defendant begs leave to refer to the original of such letter for all of its contents.

18.     Denies the allegations contained in paragraph 18 of the Complaint, except admits that Great American sent a letter dated March 22, 2013 to counsel for the Union and Local 12 which, *inter alia,* (a) denied and disputed their claim, (b) made an offer of settlement of $13,792.43 without admitting any liability (which was denied), and (c)

277123v1

3

expressly reserved all defenses, and defendant begs leave to refer to the original such letter for all of its contents.

19.     In response to paragraph 19, Great American repeats and realleges its answers to the allegations repeated and realleged in paragraphs 1 through 18 of the Complaint as though fully set forth and stated herein.

20.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 20 of the Complaint.

21.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 21 of the Complaint.

22.     Denies each and every allegation contained in paragraph 22 of the Complaint.

23.     In response to paragraph 23, Great American repeats and realleges its responses to the allegations repeated and realleged in paragraphs 1 through 22 of the Complaint as though fully set forth and stated herein.

24.     Denies each and every allegation contained in paragraph 24 of the Complaint.

25.     Denies each and every allegation contained in paragraph 25 of the Complaint.

26.     Denies each and every allegation contained in paragraph 26 of the Complaint.

277123v1                                             4

## AS A FIRST AFFIRMATIVE DEFENSE

27.     Plaintiffs' complaint against Great American, or portions thereof, fails to state a claim upon which relief may be granted.

## AS A SECOND AFFIRMATIVE DEFENSE

28.     The Bond provides "that in the event of default on the part of the Principal the Obligees shall notify the surety of such default within sixty (60) days after the Obligees shall have had actual knowledge of such default."

29.     Upon information and belief, the obligees had actual knowledge of the Principal's default in the payment of fringe benefits prior to December 9, 2012.

30.     Plaintiffs made claim for unpaid fringe benefits under the Bond on or about February 8, 2013, more than 60 days after the obligees had actual knowledge of the Principal's default.

31.     By reason of the forgoing, Plaintiffs failed to satisfy the notice provision of the Bond, which is a condition precedent to recovery.

## AS A THIRD AFFIRMATIVE DEFENSE

32.     The liability, if any, of Great American is limited to the penal sum of the Bond, and to the extent that any other entity has an entitlement to the proceeds of the Bond, the Funds' entitlement, if any, is limited to its pro rata share.

## AS A FOURTH AFFIRMATIVE DEFENSE

33.     The liability, if any, of Great American is limited to, and cannot be greater than, the liability to plaintiffs of Mechanical Insulation, as principal under the Bond, and under the C.B.A.

277123v1

5

AS A FIFTH AFFIRMATIVE DEFENSE

34.     Great American hereby adopts and incorporates any defenses, claims and/or credits that its principal, Mechanical Insulation, has or may have against the Funds, as if fully set forth at length herein.

AS A SIXTH AFFIRMATIVE DEFENSE

35.     Plaintiffs have failed to join the Union which, as joint obligee under the Bond, is an indispensable party in the absence of which complete relief cannot be granted.

AS A SEVENTH AFFIRMATIVE DEFENSE

36.     Plantiffs have failed to satisfy the conditions precedent contained in the C.B.A., including but not limited to those provided for in paragraphs "V" and "XVII," for plaintiffs' assertion of a court action to enforce the obligations of Mechanical Insulation, or to seek legal fees, accountants' fees or other costs.

37.     By reason of the foregoing, plaintiffs cannot assert the alleged obligations of Mechanical Insulation against Great American in this action.

FIRST CROSS-CLAIM
(Contractual Indemnity)

38.     On or about December 1, 2011, in consideration of Great American's issuance of the Bond and as an inducement therefore, Mechanical Insulation executed a written Indemnity Agreement as part of a Commercial Surety Application for the issuance of the Bond.

277123v1

6

39.     Under the terms of the Indemnity Agreement, Mechanical Insulation agreed to indemnify Great American against "all loss, liability, costs, damages, attorney's fees and expenses whatever, which the Surety may sustain or incur by reason of executing the Bonds."

40.     By reason of the foregoing, in the event that Plaintiffs recover judgment against Great American, Great American will be entitled to judgment over against Mechanical Insulation in like amount.

## SECOND CROSS-CLAIM
(Common Law Indemnification)

41.     Mechanical Insulation, as principal under the Bond, is liable to Great American, as its surety, under common law for the amount of any judgment recovered by the Plaintiffs against Great American.

## THIRD CROSS-CLAIM
(Attorneys' Fees and Other Expenses)

42.     Great American repeats and realleges each and every allegation contained in paragraphs 38 through 41 of this Answer And Cross-Claims with the same force and effect as if set forth at length herein.

43.     Great American has incurred and will continue to incur attorneys' fees, costs and expenses in defending against Plaintiffs' claim and in enforcing the indemnity obligations of Mechanical Insulation.

44.     By reason of the foregoing, Mechanical Insulation is liable to Great American for its attorneys' fees, costs and expenses incurred in defending this action and in enforcing the indemnity obligations of Mechanical Insulation.

277123v1

WHEREFORE, defendant Great American Insurance Company demands judgment:

1. dismissing the Complaint against it; and

2. on its first and second cross-claims, for judgment over against defendant Mechanical Insulation; and

3. on its third cross-claim, for judgment against Mechanical Insulation in the amount of all of Great American's attorneys' fees, costs and expenses incurred in defending this action and in seeking to recover indemnity from Mechanical Insulation,

together with such other and further relief as this Court deems just and proper.

Dated: Jericho, New York
      July 10, 2013

                    TORRE, LENTZ, GAMELL, GARY &
                      RITTMASTER, LLP

                By:   */s/ Mark S. Gamell*
                    Mark S. Gamell
                100 Jericho Quadrangle, Suite 309
                Jericho, New York 11753
                E-mail: mgamell@tlggr.com
                Tel.: (516) 240-8900
                Fax: (516) 240-8950
                *Attorneys for Defendant*
                *Great American Insurance Company*

277123v1

8